FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 05 2010

JAMES R. LARSEN, CLERK
_____DEPUTY
YAKIMA, WASHINGTON

James A. McDevitt
United States Attorney
Eastern District of Washington
Matthew F. Duggan
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) 10-CR-06040-RMP-3 |
| vs. | )<br>) Plea Agreement |
| PEDRO ALVARADO, JR., | )<br>) |
| Defendant. | ) |

Plaintiff, United States of America, by and through James A. McDevitt, United States Attorney for the Eastern District of Washington, and Matthew F. Duggan, Assistant United States Attorney for the Eastern District of Washington, and Defendant PEDRO ALVARADO, JR. and the Defendant's counsel, Troy J. Lee, agree to the following Plea Agreement:

1.  **Guilty Plea and Maximum Statutory Penalties**:

The Defendant, PEDRO ALVARADO, JR., agrees to plead guilty to Counts 11-15 of the Indictment filed on April 21, 2010, charging the Defendant with Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2.

The Defendant, PEDRO ALVARADO, JR., understands that the charges contained in the Indictment are Class C felony charges and that sentences for these charges may be imposed consecutively by the Court. The Defendant, PEDRO ALVARADO, JR., also understands that the maximum statutory penalty for Wire

Plea Agreement- 1
P00823RC.MDC.wpd

Fraud, in violation of 18 U.S.C. § 1343, is not more than 20 years imprisonment; a fine not to exceed $250,000; a term of supervised release of not more than three (3) years; restitution; and a $500 special penalty assessment.

The Defendant, PEDRO ALVARADO, JR., understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. <u>The Court is Not a Party to the Agreement:</u>

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

Plea Agreement- 2
P00823RC.MDC.wpd

3. <u>Waiver of Constitutional Rights</u>:

The Defendant, PEDRO ALVARADO, JR., understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    (a). The right to a jury trial;

    (b). The right to see, hear and question the witnesses;

    (c). The right to remain silent at trial;

    (d). The right to testify at trial; and

    (e). The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4. <u>Elements of the Offense</u>:

The United States and the Defendant agree that in order to convict the Defendant of Wire Fraud, in violation of 18 U.S.C. § 1343, the United States would have to prove beyond a reasonable doubt the following elements:

    (a) On or about and between April 19, 2006 and continuing to on or about November 16, 2007, in the Eastern District of Washington;

    (b) the Defendant, PEDRO ALVARADO, JR., participated in a scheme to defraud and obtain money and property by materially false and fraudulent representations, omissions, pretenses and promises did cause to be transmitted certain writings, sings, signals and sounds in interstate commerce; and

    (c) used the wires to further the scheme.

Plea Agreement- 3
P00823RC.MDC.wpd

5. <u>Factual Basis and Statement of Facts:</u>

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for PEDRO "PETE" ALVARADO JRS. guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

SUZIE ZUNIGA was employed as a Material Coordinator with Fluor Hanford, a DOE Prime Contractor, from April of 1992 to July of 2008 at the Hanford Site in Richland, Washington. As a Material Coordinator, Ms. ZUNIGA was primarily responsible for purchasing materials for FH using her DOE government funded p-card. Specifically, her job was to obtain supplies for FH contract employees working at the Plutonium Finishing Plant.

PEDRO "PETE" ALVARADO JR., was employed as a Driver with FH at the Hanford Site in Richland, Washington, for approximately 27 years. Mr. ALVARADO was an acquaintance of Ms. ZUNIGA and often picked up materials that were purchased with her p-card (both legitimate and otherwise).

TOMMY LYNN HONEYCUTT was employed as a Pipefitter with FH at the Hanford Site in Richland, Washington, for approximately 24 years. Mr. HONEYCUTT has been in a romantic relationship with Ms. ZUNIGA for over 10 years.

**SUZIE ZUNIGA**

Defendant Suzie Zuniga was employed by government contractor Fluor Hanford (FH) as a Material Coordinator for the Plutonium Finishing Plant (PFP) at the U.S. Department of Energy (DOE) Hanford Site, in Benton County, Washington. FH issued credit cards (known as purchase cards or "p-cards") to Suzie Zuniga to facilitate the purchase of supplies needed for the PFP. FH

Plea Agreement- 4
P00823RC.MDC.wpd

purchase cards were issued by JP Morgan Chase Bank which established a credit purchase procedure with FH whereby the bank would draw down by draft or electronic funds transfer (EFT) from a line of credit that the U.S. Treasury had established with U.S. Bank for DOE expenses. JP Morgan Chase used wire communications to draw from the DOE's U.S. Bank line of credit once a month to reimburse the purchase card expenses FH accumulated each month.

The JP Morgan Chase monthly draw down of funds from US Bank occurred through, and as a result of, wire communications outside the State of Washington. Between October 1, 2004, and July 1, 2008, Fast Pipe and Supply Co., Inc. ("Fast Pipe"), Harold's Repair and Rental ("Harold's") and Kennewick Industrial and Electric ("KIE") were designated by FH as authorized vendors of supplies to the PFP and did provide supplies to the PFP during this time period.

In the normal course of business, a material coordinator for the PFP would receive requests for supplies from employees of the PFP. The requests for supplies by employees would often be transmitted by Electronic Bills of Materials (EBOMS) to the material coordinator. If the requested supply item was approved for purchase, the material coordinator would note the order in the P Card Web Solution System. Once the supply item was purchased by the material coordinator with a JP Morgan Chase Bank Credit Card, a sales order would be prepared by the vendor and provided to the material coordinator. On a monthly basis, material coordinators would sign and submit a Transaction Approval Report confirming that their JP Morgan Chase Bank credit card account statements were consistent with the purchases the material coordinator had made that month.

From on or about October 1, 2004, and continuing to on or about July 1, 2008, defendant Suzie Zuniga caused FH to make approximately 219 purchase card transactions with vendors under the guise of PFP supply purchases from Fast Pipe, KIE, Harold's and other vendors totaling approximately $564,326.01. The 219 purchase card transactions caused writings, signs, signals, and sounds to be

Plea Agreement- 5
P00823RC.MDC.wpd

transmitted by wire transmission outside the State of Washington. During this time period, Zuniga, used wire transmissions, to wit: telephone calls, e-mails, and facsimile transmissions, to place p-card orders with vendors for property which she intended for her personal use or pecuniary gain. Zuniga then used the purchased items for her own personal use or gain.

The following chart illustrates the specific transactions as they relate to each count involving PEDRO ALVARADO:

| Count | Date | P-Card Log Number | Wire Communication |
|---|---|---|---|
| 11 | 4/19/06 | H00656741881 | $579.98 credit card transaction from Suzie Zuniga's FH issued government funded JP Morgan Chase credit card account # XXXX-XXXX-XXXX-9557. |
| 12 | 4/20/07 | H00656742937 | $4,380.00 credit card transaction from Suzie Zuniga's FH issued government funded JP Morgan Chase credit card account # XXXX-XXXX-XXXX-9557. |
| 13 | 8/10/07 | H006567410310 | $3,198.00 credit card transaction from Suzie Zuniga's FH issued government funded JP Morgan Chase credit card account # XXXX-XXXX-XXXX-9557. |
| 14 | 8/10/07 | H006567410311 | $3,133.00 credit card transaction from Suzie Zuniga's FH issued government funded JP Morgan Chase credit card account # XXXX-XXXX-XXXX-9557. |
| 15 | 11/16/07 | H006567410734 | $3,325.00 credit card transaction from Suzie Zuniga's FH issued government funded JP Morgan Chase credit card account # XXXX-XXXX-XXXX-9557. |

### PEDRO ALVARADO, JR.

On August 7, 2008, Mr. ALVARADO was interviewed by DOE-OIG agents. During the course of the interview Mr. Alvarado admitted he knew about Ms. ZUNIGA's p-card misuse and also personally benefited from it. Mr. ALVARADO stated he picked up and transported several items purchased with Ms. ZUNIGA'S p-card to her house in Prosser, Washington, to include a stove, refrigerator, microwave oven and several televisions. Mr. ALVARADO admitted he also received several items purchased with Ms. ZUNIGA'S p-card to include two or three televisions, washer and dryer, laptop computer, refrigerator, stove, lawnmower and a weed eater.

### TOMMY HONEYCUTT, JR

On August 8, 2008, Mr. HONEYCUTT was interviewed by DOE-OIG Agents at his residence in Pasco, Washington. During the course of the interview, Mr. HONEYCUTT admitted he knew about Ms. ZUNIGA's p-card misuse and also personally received numerous items that were purchased with the p-card. Mr. HONEYCUTT recalled that Ms. ZUNIGA's p-card misuse began sometime in 2004. Mr. HONEYCUTT stated that if he was out shopping and saw something he liked, he would call Ms. ZUNIGA and she would purchase it for him. Some of the items he received included a refrigerator, television, lawn mower, pressure washer, rototiller, air compressor, iPod, digital camera, numerous power tools, two Honda generators, two Garmin GPS radios, and Starbucks gift cards.

6. <u>Waiver of Inadmissibility of Statements</u>:

The Defendant agrees to waive the inadmissibility of statements made in the course of plea discussions with the United States, pursuant to Fed. R. Crim. P. 11(f). This waiver shall apply if the Defendant withdraws this guilty plea or

Plea Agreement- 7
P00823RC.MDC.wpd

1 | breaches this Plea Agreement. The Defendant acknowledges that any statements
2 | made by the Defendant to law enforcement agents in the course of plea discussions
3 | in this case would be admissible against the Defendant in the United States's case-
4 | in-chief if the Defendant were to withdraw or breach this Plea Agreement.

5 | 7.  **Waiver of Inadmissibility of Statements:**

6 | The Defendant agrees to waive the inadmissibility of statements made in the
7 | course of plea discussions with the United States, pursuant to Fed. R. Crim.
8 | P. 11(f). This waiver shall apply if the Defendant withdraws this guilty plea or
9 | breaches this Plea Agreement. The Defendant acknowledges that any statements
10 | made by the Defendant to law enforcement agents in the course of plea discussions
11 | in this case would be admissible against the Defendant in the United States's case-
12 | in-chief if the Defendant were to withdraw or breach this Plea Agreement.

13 | 8.  **The United States Agrees:**

14 | (a.)  **Not to File Additional Charges:**

15 | The United States Attorney's Office for the Eastern District of Washington
16 | agrees not to bring any additional charges against the Defendant based upon
17 | information in its possession at the time of this Plea Agreement and arising out of
18 | Defendant's conduct involving illegal activity charged in this Indictment, unless
19 | the Defendant breaches this Plea Agreement any time before or after sentencing.

20 | 9.  **United States Sentencing Guideline Calculations:**

21 | The Defendant understands and acknowledges that the United States
22 | Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that
23 | the Court will determine the Defendant's applicable sentencing guideline range at
24 | the time of sentencing.

25 | (a.)  **Base Offense Level:**

26 | The United States and the Defendant agree that the base offense level for
27 | Wire Fraud is 7. USSG 2B1.1(a)(1).

28 |

Plea Agreement- 8
P00823RC.MDC.wpd

(b.) <u>Specific Offense Characteristics</u>:

The United States and the Defendant also agree and stipulate that the base offense level is increased by an additional 4 levels due to an amount of loss of $14,615.98. See U.S.S.G. §2B1.1(b)(1)(C). 7. <u>See</u> U.S.S.G. §2B1.1(b)(1)(C).

(c.) <u>Acceptance of Responsibility</u>:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than October 5, 2010 the United States will move for a two (2) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a) and (b). Therefore, the United States and the Defendant agree that the Defendant's final adjusted offense level would be 9.

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a two (2) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

(d.) <u>Criminal History</u>:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

Plea Agreement- 9
P00823RC.MDC.wpd

10. <u>Incarceration/Departures:</u>

The Defendant may ask for any sentence he deems appropriate. The United States will ask for a sentence with in the applicable guideline range.

11. <u>Criminal Fine:</u>

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

12. <u>Supervised Release:</u>

The United States and the Defendant agree to recommend that the Court impose a three (3)-year term of supervised release.

13. <u>Restitution:</u>

The Defendant hereby stipulates and agrees to an order of restitution in the amount of $8,500 This amount represents the unrecovered amount of restitution outstanding.

14. <u>Mandatory Special Penalty Assessment:</u>

The Defendant agrees to pay the $500 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

15. <u>Payments While Incarcerated:</u>

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

Plea Agreement- 10
P00823RC.MDC.wpd

16. <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever.

17. <u>Appeal Rights</u>:

In return for the concessions that the United States has made in this Plea Agreement, the Defendant agrees to waive the right to appeal the sentence if the Court imposes a prison term within or below guidelines, imposes a term of supervised release of no longer than three (3) years, waives the imposition of a fine, and imposes a $500 penalty assessment. Should the Defendant successfully move to withdraw from this Plea Agreement or should the Defendant's conviction on Counts 11-15 of the Indictment be dismissed, set aside, vacated, or reversed, this Plea Agreement shall become null and void; the United States may move to reinstate all counts of Indictment No. 10-CR-06040-RMP-3; and the United States may prosecute the Defendant on all available charges involving or arising from his participation in wire fraud. Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack of the conviction or sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255 (writ of habeas corpus).

18. <u>Integration Clause</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local

Plea Agreement- 11
P00823RC.MDC.wpd

authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

James A. McDevitt
United States Attorney

_____     10/5/10
Matthew F. Duggan                  Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

x_____     10/5/10
PEDRO ALVARADO, JR.                 Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's

Plea Agreement- 12
P00823RC.MDC.wpd

decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____    __10/5/10__
Troy J. Lee                         Date
Attorney for the Defendant

Plea Agreement- 13
P00823RC.MDC.wpd